# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRELL WILCOX and MICHAEL MCGUIRE, individually and as representatives of a class of participants and beneficiaries in and on behalf of the GEORGETOWN UNIVERSITY DEFINED CONTRIBUTION RETIREMENT PLAN and the GEORGETOWN UNIVERSITY VOLUNTARY CONTRIBUTION RETIREMENT PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> GEORGETOWN UNIVERSITY, *et al.*, <br><br> Defendants. | Civil Action No. 18-422 (RMC) |

## MEMORANDUM OPINION

In this Employee Retirement Income Security Act (ERISA) case, the Court previously dismissed Plaintiffs' Complaint, in part for lack of jurisdiction and in part for failure to state a claim. Plaintiffs have asked leave to file a First Amended Complaint and Defendants—now limited to Georgetown University and former Trustee Christopher Augostini—oppose because Plaintiffs filed too late to comply with Federal Rule of Civil Procedure 59(e), which governs motions to amend or alter a judgment. Plaintiffs argue that no judgment has been entered in this case and thus they were not required to comply with Rule 59(e). Because a final judgment was entered and Plaintiffs' motion does not survive analysis under Federal Rules of Civil Procedure 59(e) or 60(b), the motion will be denied.

1

## I. FACTS

Messrs. Darrell Wilcox and Michael McGuire have sued Georgetown University and former Trustee Christopher Augostini (collectively, Georgetown) for alleged breaches of fiduciary duties under ERISA, 29 U.S.C. §§ 1001-1461. At issue are the Georgetown University Defined Contribution Retirement Plan and the Georgetown University Voluntary Contribution Retirement Plan (the Plans).[1]

After thorough consideration of Plaintiffs' allegations, this Court granted Defendants' Motion to Dismiss and dismissed the Complaint and the action. *See* Memorandum Opinion [Dkt. 35] at 28 ("For the aforementioned reasons, Defendants' Motion to Dismiss, Dkt. 18, will be granted."); Order [Dkt. 36] ("Complaint, Dkt. #1, is dismissed without prejudice."); 1/8/2019 Docket Entry ("This case is closed."). The Court's Memorandum Opinion and Order on the Motion to Dismiss were entered on January 8, 2019. Plaintiffs filed their Motion Seeking Leave to Amend thirty (30) days later, on February 7, 2019.[2] Plaintiffs' Motion is fully briefed and ripe for decision.[3]

In Opposition, Georgetown responds that the January Order was final and appealable and, therefore, Plaintiffs were required to file a motion for reconsideration under Rule 59(e) within 28 days of the dismissal. Since Plaintiffs missed this deadline by two days, Georgetown asks the Court to deny their motion. Plaintiffs protest that a "final, appealable

---

[1] The original Complaint, Dkt. 1, named Geoff Chatas as an additional Trustee Defendant but Mr. Chatas has been dropped from the proposed First Amended Complaint. Plaintiffs also drop all claims for which the Court found that they lacked standing and it, therefore, lacked jurisdiction. Pls.' Mot. Seeking Leave to File Pls.' First Am. Compl. (Mot.) [Dkt. 37] at 2-3.

[2] A proposed First Amended Complaint is attached as an exhibit to Plaintiffs' Motion.

[3] Defs.' Opp'n to Pls.' Mot. (Opp'n) [Dkt. 39]; Pls.' Reply in Further Supp. of Pls. Mot. (Reply) [Dkt. 40]; Pls.' Notice of Suppl. Authority (Pls.' Suppl.) [Dkt. 41].

judgment" was not entered in January 2019 or at any time since. Reply at 1 ("Defendants have also failed to apprehend the fact that reconsideration under Rule 59(e) is appropriate only where a court enters a final, appealable judgment—an event that has yet to occur in this case."). Rather, Plaintiffs cite Federal Rule of Civil Procedure 15(a)(2), which allows amendment to a complaint upon agreement of the parties or "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also* Reply at 1-2.

## II. LEGAL STANDARD

### A. Title 28 U.S.C. § 1291: What is "Final and Appealable"?

Under 28 U.S.C. § 1291, federal courts of appeals have jurisdiction over appeals from "all final decisions of the district courts of the United States." "A 'final decision' is one 'by which a district court disassociates itself from a case.'" *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902 (2015) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)); *see also Catlin v. United States*, 324 U.S. 229, 233 (1945) (stating a final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). Section 1291's "'core application is to rulings that terminate an action.'" *Dhiab v. Obama*, 787 F.3d 563, 565 (D.C. Cir. 2015) (quoting *Gelboim*, 135 S. Ct. at 902). The D.C. Circuit has instructed that "dismissal of an action—whether with or without prejudice—is final and appealable," even if a plaintiff "may be able to re-file because the dismissal was without prejudice" because "in the absence of such an affirmative act on [the plaintiff's] part, the case is at an end." *Ciralsky v. CIA*, 355 F.3d 661, 666-67 (D.C. Cir. 2004).

### B. Amendment of Pleadings

Amendment of pleadings is governed by Federal Rule of Civil Procedure 15(a).[4] Rule 15(a)(1) allows parties to amend their pleadings once as a matter of right if they do so within specified timeframes. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) provides that, once the time for amendment as a matter of right has lapsed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Ordinarily, courts "should freely give leave when justice so requires," *id.*, so long as certain factors are not present such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, after a final judgment is entered, a district court must first set aside that judgment pursuant to Rule 59(e) or 60(b) before considering a motion to amend under Rule 15(a)(2). *Bldg. Indus. Ass'n of Superior Cal. v. Norton*, 247 F.3d 1241, 1245 (D.C. Cir. 2001); *see Ciralsky*, 355 F.3d at 673 ("[O]nce a final judgment has been entered, a court cannot permit an amendment unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment.") (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

A motion under Rule 59(e) to alter or amend a judgment must be filed "no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), and "need not be granted

---

[4] Rule 15(a)(1) provides in pertinent part: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208). Courts do not have the discretion to extend the 28-day filing deadline. *See* Fed. R. Civ. P. 6(b) (providing that courts "must not extend the time to act" under Rule 59(e) and certain other Rules).

A motion under Rule 60(b) may be filed "within a reasonable time," Fed. R. Civ. P. 60(c), but may only provide for relief for one of the six reasons cited in the Rule:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The granting of motions under Rule 60(b)(6), the catch-all provision, should be limited to "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

### III. ANALYSIS

The Court first notes that Plaintiffs base their grounds for relief solely on Rule 15(a), without addressing either Rule 59(e) or Rule 60(b). Georgetown, for its part, relies on Rule 59(e) but does not cite Rule 60(b). Neither party quite appreciates the interaction of these Rules of Civil Procedure. The preliminary issue is whether the Court terminated the case pursuant to its January 8 Order. Since, as the Court confirms, its Order was indeed final, the

5

Court cannot consider a motion to amend without first setting aside the earlier dismissal of the case under the provisions of Rules 59(e) or 60(b).  *See Firestone*, 76 F.3d at 1208.

### A. The January 8, 2019 Order Was Final and Appealable

This Court's January 8, 2019 Order was final and appealable.  The Order dismissed the Complaint and the action.  The Docket Entry accompanying the Order stated: "This case is closed."  1/8/2019 Docket Entry.  The parties were notified immediately via email of the case closure through the Judiciary's Electronic Case Filing (ECF) system that included the text of the Docket Entry.  While Plaintiffs are correct that the Order did not explicitly state "[t]his is a final, appealable order," the D.C. Circuit has found that the words "final and appealable" are not dispositive of whether a case is closed.  *See Ciralsky*, 355 F.3d at 667 (finding that where the district court stated that it was entering a "'final appealable order,'" "that characterization cannot bind us" despite being an indication of the district court's intention).  "A 'final decision' is one 'by which a district court disassociates itself from a case.'"  *Gelboim*, 135 S. Ct. at 902.  There is little doubt that, having closed this case, the Court disassociated from it.  *See also Catlin*, 324 U.S. at 233 (stating a final decision is "one which ends the litigation on the merits").

Circuit law is clear on this point.  Since at least 1993, the D.C. Circuit has held that "[o]nce the district court granted [defendants'] motion to dismiss, [plaintiffs] could amend the complaint only [by complying with Rule 15(a)], *coupled with a motion under Rule 59(e) to alter or amend the judgment*."  *Confederate Mem'l Ass'n Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) (emphasis added); *see also Firestone*, 76 F.3d at 1208 ("Rule 15(a)'s liberal standard for granting leave to amend governs *once the court has vacated the judgment*.  But to vacate the judgment, appellants must first satisfy Rule 59(e)'s more stringent standard." (emphasis added and citation omitted)).

The Court does not overlook the Circuit's analysis in *Ciralsky*, which distinguished striking a complaint and dismissing an action. *See Ciralsky*, 355 F.3d at 667 ("In contrast to their April 2001 motion to dismiss the action, the defendants' earlier motion had sought only 'an order striking the *complaint*.'"). *Ciralsky* focused on the intention of the district court judge and reviewed the parties' actions to illuminate that inquiry. *See id.* at 667-68 (considering the record of the case to discern evidence of the district court's intention, including the language of the district court's order and rulings on motions). Here, Georgetown moved to dismiss, not strike, the Complaint. And this Court made its intention clear that the case was closed—absent timely motions under the Rules. As its Docket Entry stated, the January 8 Order closed the case (there was nothing else to do absent further action by Plaintiffs) and thus terminated the action.

### B. Federal Rules of Civil Procedure 59(e) and 60(b)

Since the January 8 Order terminated the case, Plaintiffs were required to move for reconsideration under Rules 59(e) or 60(b) as either a precursor or an accompaniment to a motion to file an amended complaint under Rule 15(a)(2). *See Firestone*, 76 F.3d at 1208. Plaintiffs filed too late under Rule 59(e) to accomplish this purpose. After dismissal was granted and the case closed on January 8, Plaintiffs had a period of 28 days to ask to alter or amend the judgment under Rule 59(e) and, perhaps contemporaneously, to file a motion and an amended complaint under Rule 15(a). The 28-day period expired on February 5, 2019, but Plaintiffs' Motion to file the proposed First Amended Complaint was filed on February 7, and not filed under Rule 59(e) but under Rule 15(a), which was inapplicable. The deadline under Rule 59(e) is hard and fast and a district court has no authority to extend it. *See* Fed. R. Civ. P. 6(b). However, Plaintiffs could have moved, then or later, for reconsideration on alternative grounds under Rule 60(b). A motion under 60(b) would have been timely. *See* Fed. R. Civ. P. 60(c)(1)

("[A] motion under Rule 60(b) must be made within a reasonable time, and—and for reasons (1) [mistake], (2) [newly discovered evidence] and (3) [fraud] no more than a year after the entry of the judgment or order or the date of the proceeding.").

Rule 60(b) contains six possible grounds for vacating a judgment or order. Most of the possible bases for reconsideration are not relevant here. Plaintiffs have not alleged any mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Plaintiffs have not stated that any of the facts in the proposed Amended Complaint were newly discovered or otherwise not known to them previously.[5] Fed. R. Civ. P. 60(b)(2). Plaintiffs have not claimed fraud or misconduct by an opposing party or argued that the judgment is void. Fed. R. Civ. P. 60(b)(3) and (4).

Rule 60(b)(5) provides relief from a final judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5). Plaintiffs argue that the January 8 Memorandum Opinion cited a case that was later reversed, in part, on appeal. Pls.' Suppl. at 1 (citing *Sweda v. Univ. of Pa.*, No. 16-4329, 2017 WL 4179752 (E.D. Pa. Sept. 21, 2017), *aff'd in part, rev'd in part & remanded*, No. 17-3244, 2019 WL 1941310 (3d. Cir. May 2, 2019)). *Sweda* involved a different university and a different retirement plan than those at issue in this case. The Memorandum Opinion cited the district court decision in *Sweda* only for the

---

[5] Georgetown points out that the attorneys who represent Plaintiffs here have previously advanced allegations similar to those in the proposed First Amended Complaint in a lawsuit against a different university's retirement plan that was filed in Missouri federal district court. *See Davis v. Washington Univ.*, No. 4:17-cv-1641 (E.D. Mo. filed Aug. 21, 2017); *see also* Memorandum Opinion at 1 (noting that these types of complaints seem "to have taken higher education by storm, with suits brought all over the country"). Georgetown contends there is nothing newly discovered or otherwise not previously known to Plaintiffs' counsel. Plaintiffs do not refute this contention in their Reply.

8

proposition that "ERISA does not provide a cause of action for 'underperforming funds.'" Memorandum Opinion at 23 (quoting *Sweda*, 2017 WL 4179752, at *10). Moreover, the Third Circuit's partial reversal is not binding on this Court. *Sweda* is not a prior judgment which reversed or vacated this Court's Memorandum Opinion or that compels the Court to alter or amend its judgment under Rule 60(b)(5).[6]

Rule 60(b)(6), the catch-all provision, gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). Granting motions under Rule 60(b)(6) is limited to "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535 ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.") (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). The D.C. Circuit has echoed that sentiment in observing that Rule 60(b)(6) motions "should be only sparingly used," *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980), and are not an opportunity for unsuccessful parties to "take a mulligan." *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007). The Rule should not be applied "simply to rescue a litigant from strategic choices that later turn out to be improvident." *Good Luck Nursing Home*, 636 F.2d at 577.

Here, Plaintiffs cannot establish "extraordinary circumstances" that justify relief. In the proposed First Amended Complaint, Plaintiffs have added more allegations that Teachers Insurance and Annuity Association (TIAA) charges excessive costs and cited examples of

---

[6] It is not surprising that Plaintiffs do not note the dissent of Judge Jane Roth of the Third Circuit in *Sweda* due to the generic facts and cost imposition of these suddenly-popular ERISA complaints. *See Sweda*, 2019 WL 1941310, at *14-15 (Roth, J., concurring and dissenting) (voting to dismiss generic allegations, *inter alia*, to avoid costs of probable settlement to pension plan only because it would be less costly than years of litigation and therefore prudent regardless of dubious merits and contrary precedent).

university 403(b) plans that have consolidated recordkeeping.[7] Mot. at 5-10. These new allegations are pleaded specifically "to remedy the pleading defects identified in the Court's Memorandum Opinion," *id.* at 1, but not because they contain facts that were unknown when Plaintiffs filed the Complaint. Even if these facts could withstand a motion to dismiss—which this Court need not decide—they do not warrant disturbing the final judgment under Rule 60(b). The Court "cannot grant a Rule 60(b) motion merely because the plaintiff[s] failed to present facts helpful to [their] cause when [they] had the chance." *Johnson v. Ashcroft*, 223 F. Supp. 2d 116, 118 (D.D.C. 2002).

Moreover, the facts of this case do not resemble the "extraordinary circumstances" that the courts of this circuit have found justify relief under Rule 60(b)(6). *See, e.g.*, *Kramer*, 481 F.3d at 793 (defendant had attempted to condition its compliance with the earlier court order); *Good Luck Nursing Home*, 636 F.2d at 577 (original judgment would have required payment of attorneys' fees "to what appeared to be the losing side in an action for fraud"); *Comput. Profs. for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (protecting the identities of confidential informants). Thus, Plaintiffs provide, and the Court sees, no reason to reconsider the judgment.

### C. Plaintiffs' Rule 15(a) Motion

Since Plaintiffs cannot prevail under either Rule 59(e) or Rule 60(b), their Motion Seeking Leave to Amend under Rule 15(a) is moot. *Ciralsky*, 355 F.3d at 673 ("Since the court declined to set aside the judgment under Rule 59(e), it properly concluded that Ciralsky's motion to amend under Rule 15(a) was moot.").

---

[7] Plaintiffs do not plead any new facts concerning the College Retirement Equities Fund (CREF) Stock Account but only raise an additional legal argument. Thus, there is no basis under any of the relevant Rules to accept an amended complaint concerning it.

## IV.  CONCLUSION

For the reasons stated, Plaintiffs' Motion Seeking Leave to File Plaintiffs' First Amended Complaint, Dkt. 37, will be denied.  A memorializing Order accompanies this Memorandum Opinion.


Date: May 29, 2019

_____
ROSEMARY M. COLLYER
United States District Judge